UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON NIEMAN, | ) Case No.: CV 12-80258 PSG |
|  Plaintiff, | ) |
| v. | ) **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS AND MATERIALS AND MOTION FOR ISSUANCE OF SUBPOENA** |
| LINKEDIN CORPORATION, | ) |
|  Defendant. | ) |
| | ) **(Re: Docket Nos. 4, 7, 8, 13)** |

Before the court are two motions filed by Plaintiff Jason L. Nieman ("Nieman"): (1) a Motion to Compel Production of Certain Documents and Material;[1] and (2) a Motion for Issuance of Pro Se Subpoena to LinkedIn Corporation ("LinkedIn").[2]

For the reasons stated herein, both motions are DENIED.

## I. BACKGROUND

Nieman currently is involved in litigation in the Central District of Illinois with Grange Mutual Insurance Company and Integrity Mutual Insurance Company.[3] In that case, Nieman

---
[1] *See* Docket No. 4.

[2] *See* Docket No. 8.

[3] *See* Docket No. 4.

1

Case No.: CV 12-80258 PSG
ORDER

brings a Title VII claim. One issue in the underlying suit is whether certain individuals maintain or ever maintained LinkedIn accounts. Nieman wants LinkedIn, a third party, to produce certain documents related to the existence of those accounts.

The subpoena underlying Nieman's motion to compel these documents originally issued on July 9, 2012 from the Central District of Illinois and designates a Chicago address as the place of production. The subpoena was filled out and signed by Nieman's attorney at the time and seeks production of:

> 1. Any and all documents concerning communications by the following parties which relate in any way to Jason Nieman from the period of July 1, 2009 to the date of [LinkedIn's] response:
>     A. James Roark of Premier Careers.
>     B. Michael Tingley of Criterion Executive Search of Florida, Inc.
>     C. Jeff Gipson of James Allen Companies.
>
> 2. Any and all documents pertaining to, regarding or referencing any profile or account held at any time by Cindy Heindel, Vice President of Human Resources and/or Operations, Integrity Mutual Insurance Company. Such information should indicate when her profile was active, when it was deactivated, closed, or deleted, and how it became to be deleted or close as an active profile. As to any Inmail or email communications by way of [LinkedIn's] systems, [LinkedIn] may omit any item which does not relate to either (1) Jason Nieman or (2) the posting and/or candidate search related to the position of Vice President, Claims, for Integrity Mutual Insurance Company and/or Grange Mutual Insurance Company.
>
> 3. Any document or communication in [LinkedIn's] possession which relates in any way to any EEOC charge or lawsuit filed by Jason Nieman (Jason L. Nieman), who appears to exist in [LinkedIn] systems under profile ID number 17820252. [LinkedIn] may omit any document or communication related to Mr. Nieman's inquiry to [LinkedIn] regarding the process for securing records or information from [LinkedIn's] systems related to the subject matter addressed in this subpoena. [4]

On July 25, 2012, LinkedIn timely objected to the subpoena in writing.[5]

Proceeding *pro se*, Nieman met and conferred with LinkedIn regarding the subpoena and the requested documents. After LinkedIn refused his requests, Nieman filed an ancillary suit in the

---

[4] *See* Docket No. 4-2.

[5] Pursuant to Fed. R. Civ. P. 45(c)(2)(B), 6(a), 6(d), LinkedIn had until July 26th to respond.

2
Case No.: CV 12-80258 PSG
ORDER

Northern District of California seeking to compel production of the subpoenaed documents and materials.[6] The parties conferred and Nieman agreed to narrow his requests.[7] On November 2, 2012, the parties filed a stipulated request for modification of time to respond until November 30, 2012.[8] In the stipulation, Nieman agreed to narrow his previously-issued subpoena to seek:

1. Verification of the existence of any LinkedIn profile ever having existed over the period of January 1, 2008 to the date of the response, as well as information regarding the date of profile creation, the date of deletion, and the reason for deletion or closure of the account/profile for:
   A. Cindy Heindel, Vice President of Claims for Integrity/Grange
   B. Peter McMurtrie, Chief Sales and Marketing Officer (former Chief Claims Officer) [for] Grange

2. Verification of the existence of any communications between any employee or executive officer of Grange Mutual Insurance Company or Integrity Mutual Insurance Company, such communication having occurred between January 1, 2008 and the present date if such communication in any way involved Jason Nieman (and/or Jason L. Nieman). A request for the content of those communications, subject to the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq.

3. A listing of the names of all persons who have viewed the public, private, and/or full profile of Jason L. Nieman from July 1, 2009 to present, including the actual identity of the viewing party and not an anonymous identification, or 'member of…industry…from' reference.[9]

Nieman also stated his intention to seek a new subpoena requesting information on LinkedIn's document retention policies.

On November 8, 2012, pursuant to his earlier notice, Nieman moved this court to issue a subpoena for the three narrowed categories of documents and for a fourth category of information:

4. A description of the document retention policies of LinkedIn Corporation as to user accounts, communications, and profiles, including any archiving or backup procedures. The description should include detail as to how long user communications and account/history information are retained by LinkedIn after a user closes an account.[10]

---

[6] *See* Docket No. 4.

[7] *See* Docket No. 7.

[8] *See id.*

[9] *Id.*

[10] Docket No. 8.

3
Case No.: CV 12-80258 PSG
ORDER

On November 30, 2012, LinkedIn filed its opposition to the motion to compel. In the opposition, LinkedIn represents that it has no responsive documents with respect to Nieman's first two requests.[11] It argues that the third, "narrowed" request is outside the scope of the original subpoena and the Secured Communications Act prohibits disclosure of the information.[12] LinkedIn does not address Nieman's request for information regarding LinkedIn's document retention policy raised in Nieman's motion for a subpoena.

## II. DISCUSSION

### A. Motion to Compel

Nieman first moves to compel discovery of certain documents and materials alleging that LinkedIn has failed to comply with the July 9, 2012 subpoena."

A subpoena for the production of documents must issue "from the court for the district where the production or inspection is to be made."[13] If a commanded person or entity properly objects to a subpoena, "the serving party may move the issuing court for an order compelling production."[14]

The original subpoena for the production of documents issued from the Central District of Illinois and designated Chicago as the place of production.[15] As an initial matter, it is not clear to the court whether the subpoena issued by the Central District of Illinois is even valid. The subpoena designates the place of production in Chicago, but nonparties cannot be required to

---

[11] *See* Docket No. 13.

[12] *See id.*

[13] Fed. R. Civ. P. 45(a)(2)(C).

[14] Fed. R. Civ. P. 45(c)(2)(B)(i).

[15] *See* Docket No. 4-1.

4

Case No.: CV 12-80258 PSG
ORDER

produce documents at a location more than 100 miles from their home or business.[16] Plaintiff seems to agree as he states in his motion for subpoena that LinkedIn is outside the jurisdiction of the Central District of Illinois with respect to the original subpoena.[17]

Whether or not the original subpoena is valid, the appropriate place to move to compel production is the Central District of Illinois,[18] not here.

Nieman's motion to compel is DENIED.

**B.     Motion for Subpoena**

In his second motion, Nieman moves this court to issue a subpoena to be served on LinkedIn. A plaintiff may compel a nonparty to produce documents for inspection and copying pursuant to a subpoena *duces tecum*.[19] The subpoena must be signed by either an attorney or the clerk of the court.[20] In a pending case, a subpoena *duces tecum* is a matter of right and the burden to quash the subpoena rests on the person or entity on whom the subpoena is served.[21] "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."[22]

---

[16] *See, e.g.*, *Miller v. Holzmann*, 471 F. Supp. 2d 119, 121 (D.D.C. 2007) ("[T]he limitation in Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home.").

[17] *See* Docket No. 8.

[18] *See* Fed. R. Civ. P. 45(c)(2)(B)(i).

[19] *See* Fed. R. Civ. P. 34(c), 45(a). A subpoena *duces tecum* as a subpoena for "things" such as documents or materials, as opposed to a subpoena for appearance at a trial or deposition.

[20] *See* Fed. R. Civ. P. 45(a)(3).

[21] *See id.*; *see also, Sullivan v. Dickson,* 283 F.2d 725, 727 (9th Cir.1960).

[22] Fed. R. Civ. P. 45(a)(3).

5

Case No.: CV 12-80258 PSG
ORDER

Nieman does not have to file a motion for a subpoena with the court – all he must do is ask the clerk's office for a signed, but otherwise blank, subpoena and comply with the procedures provided by Rule 45(b).[23]

The motion for a subpoena is DENIED.

**IT IS SO ORDERED.**

Dated:  February 25, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[23] *See id.*

Case No.: CV 12-80258 PSG
ORDER